IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL MARTINEZ,**

       Plaintiff,

vs.                                                                                  Civ. No. 02-839 LH/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure filed October 17, 2002. (Docket No. 9)  The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken.

### PROPOSED FINDINGS

### I.  PROCEDURAL RECORD

1.     Plaintiff Michael Martinez filed an application for benefits on September 3, 1996 alleging a disability since July 13, 1990, due to a back injury.  Tr. 47-49.  The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on July 23, 1998.  At the hearing, the Plaintiff

was represented by an attorney. On July 28, 1999, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant has a severe impairment or combination of impairments from a back injury and headaches; the severity of the claimant's impairments does not meet or equal a listed impairment; the claimant's allegations regarding his functional limitations, including pain, are not entirely supported by the evidence as a whole to the disabling degree alleged; the claimant has a residual functional capacity for the performance of light work; the claimant is able to return to his past relevant work as a security guard. Tr. 21-24.

2.     Plaintiff was born on May 1, 1962.. He has a high school education and some courses in accounting. His past relevant work experience was as a heavy equipment operator and security guard. Tr. 59, 420.

3.     The ALJ entered his decision on July 28, 1999. Thereafter, the Plaintiff filed a request for review. Tr. 14. On June 13, 2002 the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 9. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on July 15, 2002.

## II. STANDARD OF REVIEW

4.     The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting

Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff met the special earnings requirements of the Act on July 13, 1990, the date he alleged he became unable to work. He continued to meet them through March 31, 1992. The parties agree, that to obtain benefits, the Plaintiff must establish that his disability began before March

3

31, 1992. The issue in this matter is whether plaintiff's pain from his headaches became disabling prior to March 31, 1992.  The ALJ's finding on this issue is not supported by the substantial evidence.

    8.    The ALJ wrote:

> "He admits that his headaches became more severe after his date last insured, about 2 years before the hearing.  The medical record notes an extensive workup for his headaches in 1995, well after he last met the disability insured status requirements."  Tr. 22.

The evidence in the record is otherwise.  The Plaintiff first sought treatment for his headaches in 1988. Tr. 409.  He sought treatment for his headaches in 1990, 1991 and 1992.  Tr. 332, 341, 360, 361, 364 and 408.  During this time, his physicians prescribed different medications in an effort to alleviate his pain. Id.  His physicians do not agree as to the cause of his headaches.  Dr. Berger said is probably a mixed vascular/tension headache.  Others diagnosed with post traumatic headache.  Tr. 289.  Some have questioned whether the headaches are related to Plaintiff's elevated blood pressure. Tr. 253.  In February of 1990, Plaintiff underwent a CT scan of his head.  It was normal.  Tr. 169. In February of 1992, he an a cranial CT.  There was no evidence of an abnormality.  Tr. 324.  Dr. Berger, a neurologist examined him in March of 1991 and found no abnormal signs.  Tr. 294.  In 1991, an MRI performed on the Plaintiff because of his headaches.  Tr. 121.  Clearly, the Plaintiff sought treatment and had undergone various tests and treatments prior to the end of his insured status.

    9.    The remaining issue is whether Plaintiff's headaches are disabling and if so, the onset date of the disability.  Social Security Ruling 83-20 defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations."  "Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence."  SSR 83-20.  If on remand, the date is ambiguous, the ALJ is required to enlist the opinion

of a medical expert. Reid v. Chater, 71 F.3d 372, 373-74 (10th Cir. 1995).

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure, filed October 17, 2002 be GRANTED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**